UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-cv-80089-Ruiz/Reinhart

PAMELA TAYLOR,

        Plaintiff,

vs.

P.F. CHANG'S CHINA BISTRO, INC.,

        Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (ECF NO. 51) AND MOTION TO STRIKE
PLAINTIFF'S AFFIDAVIT (ECF NO. 70)**

Before the Court are two motions filed by Defendant P.F. Chang's China Bistro, Inc. ("P.F. Chang's"): (1) Motion for Summary Judgment ("Motion") and (2) Motion to Strike or, in the Alternative, to Disregard Paragraph 5 of the Affidavit of Pamela Taylor ("Motion to Strike"). Both motions were referred to me for a Report and Recommendation by the Honorable Rodolfo A. Ruiz, II. ECF No. 82. I have reviewed the Second Amended Complaint (ECF No. 40), the Third Amended Complaint (ECF No. 73), the Motion (ECF No. 51), Plaintiff's Response in Opposition to the Motion (ECF No. 60), the Defendant's Statement of Material Facts (ECF No. 69), Plaintiff's Statement of Material Facts (ECF No. 59), Defendant's Reply to its Motion (ECF No. 71), and to Plaintiff's Statement of Material Facts (ECF No. 72).[1] I have also reviewed the Motion to Strike (ECF No. 70), Plaintiff's Response in Opposition to Defendant's Motion to Strike (ECF No. 77),

---

[1] I also reviewed documents the parties filed in support of their positions, including Plaintiff's deposition and affidavit (ECF Nos. 51-1, 58), the deposition of Misty Matias (ECF No. 57), as well as Plaintiff's responses to Defendant's discovery requests (ECF Nos. 51-2, 51-3).

and Defendant's Reply (ECF No. 81). I held an oral argument on the motions on November 12, 2020. ECF No. 93. This matter is now ripe for decision. For the reasons discussed below, I recommend that Defendant's Motion for Summary Judgement be **GRANTED.**[2]

## BACKGROUND

This case involves an action for personal injuries sustained by Plaintiff Pamela Taylor when she slipped and fell at Defendant P.F. Chang's restaurant in Palm Beach Gardens, Florida on November 14, 2015. Ms. Taylor alleges that P.F. Chang's negligence caused her fall and resulting injuries. P.F. Chang's Motion seeks the entry of judgment in its favor on the sole count in the Third Amended Complaint (ECF No. 73), arguing that viewing the evidence in the light most favorable to Ms. Taylor, there are no material facts in dispute, and no evidence from which a reasonable factfinder could conclude that P.F. Chang's had actual or constructive notice of the alleged hazardous condition.[3]

## UNDISPUTED MATERIAL FACTS

1. Ms. Taylor slipped and fell at P.F. Chang's located at 3101 PGA Boulevard, Palm Beach Gardens, Florida on November 14, 2015. *See* Defendant's Statement of Material Facts ("DSOF") (ECF No. 69 at ¶ 1) (citing Ms. Taylor's deposition) (ECF No. 51-1).

2. Ms. Taylor entered the restaurant, walked to the bar to order food, then proceeded to walk to the restroom. DSOF at ¶ 2.

---

[2] Judge Ruiz referred all motions to me, including Defendant's Motions in Limine to exclude certain evidence at trial (ECF Nos. 50, 88). Because I am recommending judgment in favor of Defendant, I do not address those other motions.

[3] At the oral argument, the parties agreed that Defendant's Motion applies to the Third Amended Complaint (ECF No. 73), which was filed after the Motion.

3. Ms. Taylor has no personal knowledge or evidence as to what occurred inside the restaurant prior to entering it. DSOF at ¶ 3.

4. She claims that her fall was caused by a greasy substance on the floor. DSOF at ¶ 4.

5. Ms. Taylor did not see any grease on the floor after her fall. DSOF at ¶ 5.[4]

6. Ms. Taylor has no personal knowledge or evidence as to when the purported substance arrived on the floor. DSOF at ¶ 6.[5]

7. She has no personal knowledge or evidence regarding how the grease arrived on the floor. DSOF at ¶ 7.

8. Ms. Taylor has no personal knowledge or evidence as to how long the purported substance was on the floor prior to her fall. DSOF at ¶ 8.[6]

9. Ms. Taylor admitted that the substance may have existed for as little as one minute prior to her fall. DSOF at ¶ 9.

---

[4] Although Ms. Taylor attempts to dispute this fact by citing to her deposition testimony (ECF No. 51-1, Tr. 253:23 – 255:6), that testimony does not create a genuine disputed issue of material fact. Ms. Taylor did not testify that she saw grease or any other substance on the floor after her fall. Rather, Ms. Taylor stated that she "only felt it on her hands."

[5] Ms. Taylor attempts to dispute this fact by citing to her affidavit, which states that after her fall, she went to wash her hands and noticed the grease on her hands was dirty and light brown in color. *See* Taylor Aff. at ¶ 5 (ECF No. 58). From this Ms. Taylor extrapolates in her response to DSOF as follows: "Thus, the grease must have been on the floor for such a length of time that Defendant knew or should have known of its existence." ECF No. 59 at ¶ 6. For the reasons stated below, I find that Ms. Taylor's affidavit is too speculative to create a disputed issue of material fact as to when the purported substance arrived on the floor.

[6] Citing to ¶ 5 of her affidavit, Ms. Taylor responds to DSOF ¶ 8 as follows: "Undisputed that Plaintiff has no personal knowledge regarding how long the grease was on the floor prior to her fall. Disputed that Plaintiff has no evidence of that fact." ECF No. 59 at ¶ 8. Again, I find that Ms. Taylor's affidavit is insufficient to create a disputed issue of fact as to how long the purported greasy substance was on the floor.

10. She has no personal knowledge or evidence as to when the restaurant's floor was last cleaned or inspected by P.F. Chang's prior to her fall. DSOF at ¶ 10.

11. Ms. Taylor has no personal knowledge or evidence that P.F. Chang's had actual or constructive notice of the alleged condition prior to her fall. DSOF at ¶ 11.[7]

Relying on her own affidavit and deposition testimony, as well as the deposition testimony of Misty Matias (a corporate representative of P.F. Chang's who has worked at the restaurant for 19 years), Ms. Taylor's response to the DSOF includes the following additional facts: [8]

1. After Ms. Taylor fell, she had grease on both of her hands. ECF No. 59 at ¶ 24.

2. After Ms. Taylor fell in the dining area of Defendant's restaurant, she went to wash her hands and observed dirty grease on her hands that was light brown in color. ECF No. 59 at ¶ 25.

3. After Ms. Taylor fell in the dining area of Defendant's restaurant, she also noticed grease on the back of the top she was wearing on the day of her fall. ECF No. 59 at ¶ 26.

---

[7] Ms. Taylor attempts to dispute this fact by again citing to ¶ 5 of her affidavit (describing the grease on her hands being "dirty and light brown in color"), as well as her deposition testimony that "another restaurant patron advised her, shortly after her fall, that someone else had fallen in the same location prior to Plaintiff's fall." ECF No. 59 at ¶ 11 (citing ECF No. 51-1, Tr. 139:19-21, 144:10-16). As previously noted, I find that Ms. Taylor's affidavit does not create an issue of fact regarding how long the substance was on the floor, or whether P.F. Chang's had constructive notice of the condition. With regard to Ms. Taylor's deposition testimony about the statement of another restaurant patron, as explained below, I find this testimony to be inadmissible hearsay, and thus, insufficient to create a disputed fact regarding the issue of constructive notice.

[8] Ms. Taylor's SOF includes several facts that are speculative and not material to this lawsuit; they are not included here.

## **LEGAL STANDARD**

The legal standard for summary judgment is well-settled:

> Summary judgment is authorized only when, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(c). The party moving for summary judgment has the burden of meeting this exacting standard. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970). In applying this standard, the *Adickes* Court explained that when assessing whether the movant has met this burden, the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. All reasonable doubts about the facts should be resolved in favor of the non-movant. *See Adickes*, 398 U.S. at 157.
>
> The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of coming forward with proof of the absence of any genuine issue of material fact, the non-moving party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

*Those Certain Underwriters at Lloyd's Subscribing to Policy No. 25693 JB v. Capri of Palm Beach, Inc.*, 932 F. Supp. 1444, 1446 (S.D. Fla. 1996), aff'd sub nom. *Certain Underwriters v. Capri*, 128 F.3d 732 (11th Cir. 1997).

> The moving party's burden on a motion for summary judgment "depend[s] on whether the legal issues ... are ones on which the movant or the non-movant would bear the burden of proof at trial." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). "[F]or issues on which the movant would bear the burden of proof at trial, 'that party must show affirmatively the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial.'" *Id.* (quoting *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys. In State of Ala.*, 941 F.2d 1428, 1437 (11th Cir. 1991)). "For issues, however, on which the non-movant would bear the burden of proof at trial, 'the moving party is not required to support its motion with affidavits or other similar material negating the opponent's claim in order to discharge this initial responsibility.'" *Id.* (quoting *Four Parcels*, 941 F.2d at 1437–38).

*Nunez v. Coloplast Corp.*, No. 19-CV-24000, 2020 WL 2561364, at *1 (S.D. Fla. May 20, 2020) (J. Singhal). An issue is genuine if "a reasonable trier of fact could return judgment for the

nonmoving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990).

Federal Rule of Civil Procedure 56 and Local Rule 56.1 set forth the procedures for pleading (and responding to) a Motion for Summary Judgment. Rule 56(c) states:

> (1) Supporting Factual Positions. A party asserting that a fact . . . is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations . . . admissions, interrogatory answers, or other materials . . .
>
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

Fed. R. Civ. P. 56(c). The Court has discretion to disregard a factual assertion or dispute that is not properly supported by admissible evidence. Fed. R. Civ. P. 56(e); S.D. Fla. L.R. 56.1(c), (d).

If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

> (1) give an opportunity to properly support or address the fact;

> (2) consider the fact undisputed for the purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). A factual assertion that is not properly disputed may be deemed admitted "provided that: (i) the Court finds that the material fact is supported by properly cited record evidence; and (ii) any exception under Fed. R. Civ. P. 56 does not apply." S.D. Fla. L.R. 56.1(c).

## **DISCUSSION**

P.F. Chang's moves for summary judgment on the grounds that: (1) it did not breach its duty to maintain its restaurant; and (2) Ms. Taylor failed to satisfy her burden to prove that P.F. Chang's had actual or constructive knowledge of the alleged dangerous condition causing the alleged slip and fall under Florida Statute § 768.0755. ECF No. 51. Before turning to the merits, I must address three procedural issues.

First, Ms. Taylor claims that P.F. Chang's Motion failed to comply with Local Rules 56.1(a)(1) and (b)(1) because it failed to provide its SOF in a separately-filed document. ECF No. 60 at 3-4. P.F. Chang's acknowledges that "[d]ue to an inadvertent oversight," its SOF was initially embedded within its motion, in violation of the Local Rules, however, P.F. Chang's notes that it quickly cured the defect and argues that Ms. Taylor was not prejudiced by it. ECF No. 71 at 1-2.

By way of a remedy, Ms. Taylor sought P.F. Chang's "immediate compliance" with the Local Rules and the imposition of unspecified sanctions. ECF No. 60 at 3-4.

Under Local Rule 56.1(d), "if a party files and serves any Statement of Material Facts that does not comply with this rule, then the Court may strike the Statement, require immediate compliance, grant relief to any opposing party for any prejudice arising from a non-compliant statement or response, or enter other sanctions that the Court deems appropriate." Given that P.F. Chang's acknowledged its non-compliance and corrected it (ECF No. 69), and that Ms. Taylor has not demonstrated any prejudice, I decline to impose any sanctions.  Notably, Ms. Taylor was able to file a robust response to P.F. Chang's embedded SOF. ECF No. 59.

Second, Ms. Taylor claims that Defendant's summary judgment motion is premature because discovery was still ongoing when the motion was filed.  ECF No. 60 at 4-5.  Ms. Taylor argues that the discovery deadline in this case was September 7, 2020, and that at the time the Defendant's Motion was filed on July 22, 2020, she still had to conduct three depositions. *Id.*

It is well-established in the Eleventh Circuit that district courts are "not required to await the completion of discovery before ruling on a motion for summary judgment." *Burns v. Town of Palm Beach*, 343 F. Supp. 3d 1258, 1261 (11th Cir. 2018) (citing *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990) (further citing *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843-44 (11th Cir. 1989)). If a party needs further discovery to respond to a motion for summary judgment, Rule 56(d) directs that party to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). If the party makes this showing, the court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or to take discovery; or (3) issue any other appropriate order." *Id.*

8

Here, Ms. Taylor did not file an affidavit or declaration pursuant to Rule 56(d); rather, Ms. Taylor filed a substantive response to the Motion. Therefore, Ms. Taylor waived any objection to the Court ruling on the Motion based on a lack of sufficient discovery. *Burns*, 343 F. Supp. 3d at 1261-62 (citing *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F. 2d 828, 833 (10th Cir. 1986) and *Villa v. Bd. of Cty. Com. Of the Cty. Of Arapahoe*, 934 F. 2d 1263, 1991 WL 70714 at *4 (10th Cir. 1991)).

Third, I turn to the Defendant's Motion to Strike. ECF No. 70. Defendant argues that Ms. Taylor's Affidavit (ECF No. 58) should be stricken because it contradicts her earlier deposition testimony and her initial answer to Defendant's Interrogatory No. 21. ECF No. 70 at 2-3.

Defendant's Interrogatory No. 21 and Ms. Taylor's initial answer are as follows:

> Q:   In paragraph 15 of the Amended Complaint, you allege Plaintiff slipped and fell on a liquid substance. Do you know what the substance was? If not, please describe the alleged condition that is the subject of your Amended Complaint and whether you observed it prior to your alleged incident. Include a description of the location, size, color, dimensions and material of the purported condition, as well as how it came into existence. If you did not observe the purported hazardous condition prior to the alleged condition, why not?
>
> A:   The substance that caused the fall was grease. It was not observed prior to the fall as the floor was dark in color and the lighting was low. The grease substance was believed to be clear in color or the same color as the floor, and which dimensions are unknown.

ECF No. 70 at 2.

At Ms. Taylor's June 24, 2020 deposition, she was asked if she saw any grease on the floor after she fell. She responded: "No, I just felt it on my hands." ECF No. 51-1, Tr. 253:13-15.

On August 5, 2020, approximately six weeks after her deposition, Ms. Taylor filed an affidavit stating:

> "Before I washed my hands to remove the grease from them, I noticed that the grease on my hands was dirty and had a light brown color."

9

ECF No. 58 at ¶ 5.

P.F. Chang's filed the instant Motion to Strike Taylor's affidavit on August 12, 2020, claiming that it was a "last minute," "sham" affidavit that was "clearly intended to raise an issue of fact concerning the requisite constructive notice." ECF No. 70 at 2-3. Thereafter, on August 17, 2020, Ms. Taylor amended her answer to Interrogatory No. 21, stating:

> The substance that caused the fall was grease. It was not observed prior to the fall as the floor was dark in color and the lighting was low. The grease was believed to be clear in color or the same color as the floor, but due to the inadequate lighting in the dining room of the restaurant, I was unable to see the grease on the floor immediately after the accident. However, after my fall, I went to the bathroom where the lighting was much brighter than the restaurant's dining room and, at the time, prior to washing my hands, I was able to see that the grease was light-brown in color and appeared to be dirty.

ECF No. 81-1 at ¶ 21.

Ms. Taylor argues that her Affidavit does not contradict her deposition because she was never asked to describe what the greasy substance on her hands looked like. ECF No. 77. Further, Ms. Taylor contends that paragraph 5 of her Affidavit does not conflict with either her initial or amended answer to Defendant's interrogatories. *Id.*

"In order to find an affidavit a sham, there must be a direct contradiction in testimony that is unresolved." *Garner v. Acuity Brands Lighting, Inc.*, 2017 WL 10753617, at *16 (N.D. Ga. July 6, 2017); *see also Lane v. Celotex Corp.*, 782 F.2d 1526, 1533 (11th Cir. 1986) (stating that when an affidavit is not inherently inconsistent with prior deposition testimony, the affidavit should not be disregarded but should be considered with "everything in the record.") Here, Ms. Taylor's affidavit does not directly contradict either her deposition testimony or her answers to Defendant's interrogatories. During the deposition, defense counsel did not ask the Ms. Taylor to describe what the greasy substance on her hands looked like – she only testified about where she saw the grease,

not its texture or color. Further, Ms. Taylor's interrogatory answers are consistent with her Affidavit and do not contradict her deposition testimony. Therefore, I recommend that Defendant's Motion to Strike (ECF No. 70) be **DENIED**.

I now turn to the merits of the issues raised in the Motion.

The Third Amended Complaint alleges premises liability arising from a transitory foreign substance in a business establishment. ECF No. 73; *see* Florida Statute 768.0755; Florida Pattern Jury Instruction 401.20. To establish this tort, a plaintiff must prove that:

> [T]he business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
>
> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>
> (b) The condition occurred with regularity and was therefore foreseeable.

Fla. Stat. 768.0755. "Actual knowledge of a dangerous condition exists when a business owner's employees or agents know of or create the dangerous condition." *Ngyuen v. Costco Wholesale Corp.,* No. 19-CV-80393, 2020 WL 1976215, at *5 (S.D. Fla. April 24, 2020) (J. Marra). "The mere presence of the substance on the floor is not enough; the record must have additional facts to create a permissible inference about the time the foreign substance had been on the floor . . . without this evidence, a finding of negligence would be sheer speculation." *Garcia v. Target Corp.,* No. 12-CV-20135, 2013 WL 12101087 at *2 (S.D. Fla. Feb. 26, 2013) (J. Dimitrouleas). The plaintiff also must prove causation and damages. *See* Florida Pattern Jury Instruction 401.20.

At trial, Ms. Taylor would bear the burden of proving that P.F. Chang's had actual or constructive knowledge of the alleged dangerous condition that caused her alleged slip and fall. *See Oliver v. Winn-Dixie Stores, Inc.*, 291 So. 3d 126, 128-29 (Fla. Dist. Ct. App. 2020).

11

Therefore, on summary judgment, if P.F. Chang's establishes that no disputed material facts exist as to this issue, Ms. Taylor bears the burden of showing that the evidence viewed in the light most favorable to her would establish P.F. Chang's actual or constructive knowledge.

For purposes of this Motion, P.F. Chang's does not dispute that Ms. Taylor fell as a result of a greasy substance on the restaurant's floor. Nevertheless, even viewed in the light most favorable to Ms. Taylor, the undisputed material facts do not establish that P.F. Chang's knew, or should have known, about the floor's condition prior to Ms. Taylor's fall. Ms. Taylor testified at her deposition that she has no personal knowledge or evidence of when the substance arrived on the floor or that P.F. Chang's knew about the presence of the substance. *See* ECF No. 51-1, at 164:20-23 (Q: No personal knowledge or evidence that P.F. Chang's knew it was present on the floor prior to your alleged fall. Correct? A: Correct.); *see also* ECF No. 51-1, at 164:24–165:2 (Q: No personal knowledge or evidence that P.F. Chang's received any complaints regarding that specific substance prior to your alleged fall. Correct? A: Correct.). Ms. Taylor conceded that she had no personal knowledge or evidence to as to how long the purported substance was on the floor prior to her fall. ECF No. 51-1, at 164:17-19. She also conceded that the substance may have existed for only one minute prior to her fall. ECF No. 51-1, at 152:17-25. Ms. Taylor has not cited to any other admissible evidence to refute P.F. Chang's assertion that it lacked actual or constructive knowledge. ECF No. 51-3, at ¶ 14, 24 (Interrogatory responses stating P.F. Chang's was unaware that the condition existed and did not have any notice of the greasy substance on the floor prior to Ms. Taylor's fall.).

Ms. Taylor's claim in Paragraph 5 of her Affidavit and in Paragraph 6 of her response to DSOF that the greasy substance on her hands was dirty and light brown in color and therefore it must have been present on the floor for a sufficient period of time to infer constructive notice is

pure speculation and is insufficient to create a genuine issue of material fact. *Brown v. Publix Super Markets, Inc.*, 626 Fed. Appx. 793, 797 (11th Cir. 2015). There are many reasons, unrelated to how long it was on the floor, why a slippery substance on the floor of a Chinese restaurant could be brown. Therefore, even viewing the evidence in the light most favorable to her, Ms. Taylor has failed to establish that the Defendant had actual or constructive knowledge of the greasy substance on the floor prior to her fall.[9]

During her deposition, Ms. Taylor claims that after she fell another patron at the restaurant stated that Ms. Taylor "was the second person to fall in that exact same location." ECF No. 51-1, at 134:1-3. Ms. Taylor's testimony constitutes hearsay, which is inadmissible unless an exception applies.

At oral argument, Ms. Taylor invoked the "excited utterances" exception to the hearsay rule. *See* Fed. R. Evid. 803(2) (permitting testimony about out-of-court statements "relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused"). There is no evidence in the record that the statement of the unidentified patron sitting at

---

[9] The cases Plaintiff cites to support her argument that the dirty appearance of the grease on her hands is sufficient to create an issue of fact regarding constructive notice are easily distinguishable. For example, Plaintiff points to *Woods v. Winn-Dixie Stores, Inc.*, 621 So. 2d 710 (Fla. Dist. Ct. App. 1993), where the court held that dirt, scuffing, or tracks in an unidentified substance is sufficient to prove an inference of constructive notice. In *Woods*, an employee verified that the "chewed up" substance contained a scuff mark; here, however, there is no such evidence in the record. Indeed, the record is devoid of any facts regarding the appearance of the substance on the restaurant's floor. *Id.* at 711. Similarly, Plaintiff points to *Skipper v. Barnes Supermarket*, 573 So. 2d 411 (Fla. Dist. Ct. App. 1991), where the court held that "Barnes Supermarket had constructive notice of the dangerous condition at its premises because the broken and spread-about condition of the spaghetti suggests that it had been on the floor for sufficient time that in the exercise of ordinary care Barnes should have known of the condition." These facts stand in stark contrast to Plaintiff's testimony that she did not see any substance on the floor, and the absence of any testimony regarding the floor's appearance.

a nearby table was made "under the stress of excitement caused by the event or condition." Further, the other patron is not alleged to have any personal attachment to Ms. Taylor that might have caused him to be emotionally involved in the situation. *Clark v. United States*, 2013 WL 12061902, at *5 (N.D. Ga Dec. 3, 2013). Moreover, there is nothing in the record identifying the patron, which further undermines the statement's reliability. S*ee, e.g., Canton v. Kmart Corp.*, 470 Fed. Appx. 79, 85 (3d Cir. 2012) (holding that the "inability to identify the speaker of the statements [Plaintiff] alludes to undermines any notion that this hearsay statement is reliable"). Therefore, I find that this inadmissible hearsay is insufficient to create a disputed issue of material fact regarding the issue of constructive notice.

Given the lack of evidence regarding the amount of time the substance was on the restaurant's floor, Defendant is entitled to summary judgment.

## RECOMMENDATION

P.F. Chang's has met its burden of proving that there are no disputed material facts. Ms. Taylor has not met her burden of showing that, viewing those facts in the light most favorable to her, she can establish the knowledge element of the premises liability tort alleged in the Third Amended Complaint. Therefore, for the reasons stated above, I **RECOMMEND** that Defendant's Motion for Summary Judgment (ECF No. 51) be **GRANTED** and that Defendant's Motion to Strike (ECF No. 70) be **DENIED.**

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Rodolfo A. Ruiz, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to

challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE and SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 1st day of December, 2020.

_____
BRUCE E. REINHART
United States Magistrate Judge