UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-80089-RAR

**PAMELA TAYLOR**,

    Plaintiff,

v.

**P.F. CHANG'S CHINA BISTRO, INC.**,

    Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Bruce E. Reinhart's Report and Recommendation [ECF No. 94] ("Report"), filed on December 1, 2020. The Report recommends that the Court grant Defendant's Motion for Summary Judgment [ECF No. 51] and deny Defendant's Motion to Strike [ECF No. 70]. *See* Report at 14. The Report properly notified the parties of their right to object to Magistrate Judge Reinhart's findings. *Id.* at 14-15. Plaintiff timely filed Objections to the Report [ECF No. 97] ("Objection") on December 15, 2020.

This Court reviews *de novo* the determination of any disputed portions of the Magistrate Judge's Report. *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010). Any portions of the Report to which no specific objection is made are reviewed only for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A proper objection "identifie[s] specific findings set forth in the [Report] and articulate[s] a *legal* ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (alterations and emphasis added; citations omitted).

Here, Plaintiff's sole objection to the Report is that Magistrate Judge Reinhart erroneously determined there is no disputed issue of material fact with respect to constructive notice. *See generally* Obj. Specifically, Plaintiff maintains that Magistrate Judge Reinhart improperly excluded Plaintiff's testimony regarding a bystander's statement to Plaintiff as inadmissible hearsay and therefore he incorrectly concluded that the evidence was insufficient to create a disputed issue of material fact regarding constructive notice. Obj. at 5; Rep. at 14. After a *de novo* review of the issues raised in Plaintiff's Objection, the Court agrees with Magistrate Judge Reinhart's finding that the bystander's statement is inadmissible hearsay and thus, as explained in the Report, there is insufficient evidence to establish that Defendant had constructive notice. Rep. at 12-14.[1] Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report **[ECF No. 94]** is **AFFIRMED AND ADOPTED**.

2. Defendant's Motion for Summary Judgment **[ECF No. 51]** is **GRANTED** and Defendant's Motion to Strike **[ECF No. 70]** is **DENIED**.

---

[1] As described in the Report, Plaintiff claims that after she fell at Defendant's establishment a patron told her she was the "second person to fall in that exact same location." Rep. at 13; [ECF No. 51-1] at 134:1-3. Plaintiff relies exclusively on one case—*David by Berkeley v. Pueblo Supermarket of St. Thomas*, 740 F.2d 230, 232 (3d Cir. 1984) (hereinafter "*Berkeley*")—in support of her argument that the patron's statement is admissible under the excited utterance exception to hearsay. Obj. at 3-4. In *Berkeley*, the plaintiff, who was eight months pregnant, slipped, while grocery shopping, on cottage cheese, falling directly on her stomach. 740 F.2d at 232. The court admitted hearsay testimony that a nearby shopper (in this case identified) said, after the fall, "'I told them to clean it up about two hours ago—an hour and a half ago.'" *Id*. at 234. Plaintiff argues that the bystander patron's statement here is much like the nearby shopper's statement in *Berkley*, and thus it should be similarly considered an excited utterance. Obj. at 3-4. However, unlike the shopper in *Berkley* who was identified but not called as a witness, the patron in this case is an unidentified bystander. Additionally, the unidentified patron did not disclose a basis for his knowledge that Plaintiff was the "second person to fall in that exact same location." Rep. at 13. In any event, Plaintiff's reliance on *Berkeley* is misplaced; indeed, the *Berkeley* appellate court concluded the trial court would *not* have abused its discretion by *excluding* the nearby shopper's testimony:

> Even though he reached the very outer bounds of his permissible discretion and even though as trial judges we may have ruled differently, we hold that the trial judge did not commit reversible error in admitting [the shopper's] statement under the excited utterance exception.

740 F.2d at 235.

3. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, final judgment will be entered by separate order.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 16th day of December 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**